IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH CALIHAN,

    Plaintiff,                              No. 2:13-cv-0929 KJN P

    vs.

KATHLEEN DICKINSON, et al.,        ORDER AND

    Defendants.                     FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding without counsel. Plaintiff's complaint was filed with the court on May 10, 2013. Plaintiff repeats some of the same allegations raised in Calihan v. Giurbino, 1:11-cv-0868 SKO PC (E.D. Cal.), concerning his alleged wrongful removal from the Departmental Review Board ("DRB") transfer control, which resulted in the December 9, 2011 assault. (ECF No. 1 at 4-5.) However, on April 5, 2012, the court in Case No. 1:11-cv-0868 SKO PC, found that plaintiff failed to state a due process claim based on such allegations. (ECF No. 1 at 60-61.) For the reasons set forth in the April 5, 2012 order, plaintiff cannot state a cognizable due process claim based on this classification claim. (ECF No. 1 at 61.) Thus, the court is unable to reinstate plaintiff's DRB transfer control status. (ECF No. 1 at 3.)

////

It also appears that plaintiff is attempting to raise an Eighth Amendment claim concerning the December 9, 2011 assault. Plaintiff argues that defendants knew the perpetrator posed a risk of substantial harm to plaintiff yet failed to protect plaintiff from harm. (ECF No. 1 at 5.) However, the court's own records reveal that there are presently pending two other civil rights actions resulting from the December 9, 2011 assault: <u>Calihan v. Knipp</u>, 2:12-2356 KJM CMK (E.D. Cal.), and <u>Calihan v. Cate</u>, 2:12-2937 EFB (E.D. Cal.). On March 20, 2013, plaintiff filed an amended complaint in Case No. 2:12-2937 EFB, and alleged that defendant Knipp knew that plaintiff had severe safety concerns, yet failed to protect plaintiff from the December 9, 2011 assault. (<u>Id.</u>, Dkt. No. 14 at 2.) Although plaintiff names different defendants in this action, plaintiff must name all defendants and plead all claims resulting from the December 9, 2011 assault in only one action.[1] Plaintiff should seek leave to amend to name all parties he argues are responsible for the December 9, 2011 assault in only one case.[2] Due to the duplicative nature of the allegations contained herein, the court will recommend that the complaint be dismissed.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that this action be dismissed without prejudice. <u>See</u> Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the District Judge assigned to this case pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and

---

[1] A court may take judicial notice of court records. <u>See</u> <u>MGIC Indem. Co. v. Weisman</u>, 803 F.2d 500, 505 (9th Cir. 1986); <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980).

[2] Some of the exhibits plaintiff filed in the instant action were also filed in Case No. 2:12-cv-2356 KJM CMK P (ECF No. 1-1 at 1-44.), in which plaintiff also named defendant Knipp, and argued that defendant Knipp and other defendants failed to supervise correctional staff on December 9, 2011.

Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 17, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

cali0929.23